JOCELYN BURTON, SBN 135879
SCOTT NAKAMA, SBN 296732
**BURTON EMPLOYMENT LAW**
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
jburton@burtonemploymentlaw.com
snakama@burtonemploymentlaw.com

Attorneys for Plaintiff FLORA GONZALES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORA GONZALES, on behalf of herself and all others similarly situated and on behalf of the general public,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>EMERITUS CORPORATION, SUMMERVILLE AT ATHERTON COURT LLC, BROOKDALE LIVING COMMUNITIES, INC., BROOKDALE SENIOR LIVING COMMUNITIES, INC., BROOKDALE VEHICLE HOLDING, LLC; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.: C 18-06630 WHA<br><br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT<br><br>1. FAILURE TO PROVIDE MEAL BREAKS<br>2. FAILURE TO PROVIDE REST PERIODS - PAGA<br>3. VIOLATION OF LABOR CODE § 2802 (FAILURE TO REIMBURSE BUSINESS EXPENSES)- PAGA<br>4. VIOLATION OF LABOR CODE §§ 201, 202, AND 203 (FAILURE TO PAY ALL WAGES DUE UPON TERMINATION) – PAGA<br>5. FAILURE TO PROVIDE OVERTIME<br>6. VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.<br>7. VIOLATION OF LABOR CODE § 226(a) (WAGE STATEMENTS – PAGA)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FLORA GONZALES brings this Class Action Complaint against (1) Emeritus

Corporation, (2) Summerville At Atherton Court LLC, (3) Brookdale Living Communities, Inc., (4)

FIRST AMENDED COMPLAINT, GONZALES v. EMERITUS CORPORATION, et al., Case No. C 18-06630 WHA
Page 1 of 22

Brookdale Senior Living Communities, Inc., (5) Brookdale Vehicle Holding, LLC and (6) Does 1 through 50 (collectively "Defendants") for violations of the California Labor Code, and California Business and Professions Code.

**PARTIES**

1.      Plaintiff FLORA GONZALES ("Gonzales" or "Plaintiff") was at all times relevant herein an "employee" as defined by the Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC").

2.      Defendant Emeritus Corporation is a Washington Corporation with its principal executive office in Brentwood, Tennessee and is an "employer" as defined by the Labor Code and applicable IWC Wage Order(s).

3.      Defendant Summerville At Atherton Court LLC is a Delaware Corporation with its principal executive office in Seattle, Washington and is an "employer" as defined by the Labor Code and applicable IWC Wage Order(s).

4.      Defendant Brookdale Living Communities, Inc. is a Delaware Corporation with its principal executive office in Brentwood, Tennessee and is an "employer" as defined by the Labor Code and the applicable IWC Wage Order(s).

5.      Defendant Brookdale Senior Living Communities, Inc. is a Delaware Corporation with its principal executive office in Brentwood, Tennessee and is an "employer" as defined by the Labor Code and the applicable IWC Wage Order(s).

///

///

6.      Defendant Brookdale Vehicle Holding, LLC is a Delaware Corporation with its principal executive office in Brentwood, Tennessee and is an "employer" as defined by the Labor Code and the applicable IWC Wage Order(s).

7.      Plaintiff is not aware of the true names and capacities of the Defendants sued as Does 1 through 50, whether individual, corporate, associate or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of the agency and/or employment, with the knowledge and/or consent of the co-defendant.

8.      Plaintiff is informed and believes and thereupon alleges that each of the Defendants, including each Doe Defendant, acted as the agent, servant, employee, partner, and/or joint venturer of and was acting in concert with each of the remaining Defendants, in doing the things alleged.  Each Defendant, in doing the acts alleged, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION & VENUE

9.      This Court has jurisdiction over Plaintiff's and Class Members' claims against Defendants for:  (a) violations of California Labor Code §§ 510, 1194, 11194.2;  (b) failure to provide rest periods pursuant to Labor Code § 226.7 and the applicable wage order; (c) failure to provide meal breaks pursuant to Labor Code §§ 226.7, 512; (d) failure to reimburse for business related expenses pursuant to California Labor Code § 2802; (e) waiting time penalties pursuant to Labor Code §§ 201-203; (f) failure to provide itemized wage statements that complied with Labor

Code § 226(a); and (g) unlawful or fraudulent business practices under California Business & Professions Code § 17200 *et seq*.

10.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395.5 because the liability arose in Alameda County.

## GENERAL ALLEGATIONS

11.    At all relevant times, Plaintiff and Class Members were non-exempt employees of Defendants.

12.    Plaintiff was employed by Defendants from 2000 until July 18, 2017 as a Med Aide/Technician.  Her duties were to provide care to approximately forty senior citizens suffering from memory problems associated with Alzheimer's and other forms of dementia in a senior citizen home/facility/center in Fremont, California.  During the last four years of her employment, Plaintiff frequently worked more than 8 hours a day or forty hours per week.

13.    Plaintiff is informed and believes that in approximately 2014 or 2015, Defendants Emeritus Corporation and/or Summerville At Atherton Court LLC were purchased by one or more of the following Defendants:  a) Brookdale Senior Living, Inc., b) Brookdale Living Communities, Inc., and c) Brookdale Vehicle Holding, LLC.   After the purchase, the senior home/center/facility where Plaintiff worked was renamed Brookdale North Fremont.

14.    During Plaintiff's employment, Defendants did not relieve Plaintiffs and other class members of all duties so that they could take rest breaks as authorized by the applicable wage orders. Although Plaintiff and other class members were unable to take rest breaks, Defendants failed to compensate Plaintiff and other class members with premium pay for missed rest breaks.

15.    Until approximately April 2017, Defendants did not relieve Plaintiff and other class members, so that they could take meal breaks as required by Labor Code § 512 and the applicable

wage order.  Moreover, until April 2017, Defendants did not compensate Plaintiff and other class members with premium pay for missed meal breaks.  Moreover, Defendants credited hours that Plaintiff and other class member worked as unpaid time spent on meal breaks. As a result, Defendants failed to pay Plaintiff and other class members with all of the overtime wages that they earned.

16.    In addition, since Defendants failed to pay Plaintiff and Class Members all wages due to them, Defendants are liable for waiting time penalties pursuant to Labor Code § 203.

17.    During her employment with Defendants, Plaintiff and other class member were required to use their cell phones to perform their duties.  Defendants routinely failed to indemnify and reimburse Plaintiff and the other class members for expenditures and losses incurred by them in direct consequence of their duties.

18.    While she was employed with Defendants, Plaintiff and other class members received pay stubs that did not comply with Labor Code § 226(a)(8) because the pay stubs did not accurately state the name of the employer.  The pay stubs that Plaintiff and other class members received stated that the address of the employer was Emeritus Corporation, 1111 Westwood Place, Brentwood, TN 37027.  Plaintiff is informed and believes that Defendant Emeritus Corporation was purchased by one or more of the following Defendants in 2014 or 2015 and that the pay stubs state the incorrect name of the employer:  a) Brookdale Senior Living, Inc., b) Brookdale Living Communities, Inc., and c) Brookdale Vehicle Holding, LLC.

19.    In addition, because Plaintiff and the other class members did not receive the correct overtime for the services that they performed, the wage statements that Plaintiff and the other class members received did not comply with Labor Code § 226(a)(1), (2), and (5), because they failed to

state the correct total hours worked by the employee, correct gross wages earned, and net wages earned.

20.    When Plaintiff and other class members ended their employment with Defendants, they were not paid wages in timely manner as required by Labor Code §§ 201, 202.  Moreover, since Defendants failed to pay Plaintiff and other class members the overtime due to them, Defendants are liable for waiting time penalties under Labor Code § 203.

## **PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS**

21.    The Labor Code Private Attorneys General Act of 2004 ("PAGA"), as set forth in Labor Code section 2698 et seq., applies to Plaintiff's employment with Defendants.

22.    Under Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees under the procedures outlined in Labor Code section 2699.3.

23.    Plaintiff was employed by Defendants, and the alleged violations were committed against her in relation to her employment.  Plaintiff is an aggrieved employee as defined by Labor Code section 2699(c).  Other employees, current and former, are also aggrieved employees in that one or more of the alleged violations were committed against them during their employment with Defendants from the period between one year before filing this complaint and date of final judgment.

24.    Under Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Any employee who prevails in any such action will be entitled to an award of reasonable attorney's fees and costs.

25.    Under Labor Code section 2699.3, an aggrieved employee may pursue a civil action under PAGA after these requirements have been met:

    a.    The aggrieved employee or representative gave online notice to the LWDA and gave notice by certified mail to the employer ("Employee's Notice") of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

    b.    The aggrieved employee paid a filing fee of $75 to the LWDA; and

    c.    If the alleged violation(s) is not cured within 65 calendar days of the postmark date of the notice sent by the aggrieved employee or representative, the employee may commence a civil action pursuant to Section 2699.

26.    On October 17, 2017, Plaintiff provided online notice to the LWDA and notice by certified mail to Defendants Emeritus Corporation, Summerville At Atherton Court LLC, Brookdale Living Communities, Inc., Brookdale Senior Living Communities, Inc. and Brookdale Vehicle Holding, LLC of specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations.

27.    Plaintiff paid the $75 filing fee to the LWDA.

28.    The LWDA has not provided Plaintiff with written notice that it intends to investigate the alleged violations of the Labor Code.  Accordingly, Plaintiff has satisfied the administrative prerequisites under Labor Code § 2699.3 to bring a civil action to recover civil penalties under the PAGA, in addition to other remedies.

29.    Under Labor Code § 2699.3(d), the time to commence a civil action to recover penalties under the PAGA is tolled during the 65-day exhaustion period.

///

# **CLASS ACTION ALLEGATIONS**

30.    Plaintiff sues, on behalf of herself and all others similarly situated, as a class action under section 382 of the Code of Civil Procedure.  The class which Plaintiff seeks to represent is:

> All employees of Defendants in the State of California within four years preceding filing the complaint to the time of final judgment.

31.    Within the foregoing class, Plaintiff seeks to ascertain and represent the following two subclasses:

> a.    All nonexempt employees of Defendants who worked at Brookdale North Fremont within four years preceding the filing of the complaint until final judgment.
>
> b.    All nonexempt employees of Defendants in the State of California within four years preceding filing the complaint to the time of final judgment.

32.    Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

33.    The class of persons within the State of California is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court.  Plaintiff is informed and believes, and based thereon alleges, that Defendants employ and employed in California no less than 50 persons who satisfy the class definition.  Although the exact number and identity of these putative class members is not known, they can be identified in Defendants' records through coordinated discovery under this class action.

34.    This action may be maintained as a class under Code of Civil Procedure section 382 because the questions of law and fact which are common to class members predominate over

questions affecting only individual members and because a class action is superior to other available

methods for adjudicating the controversy.

　　　35.　　There are numerous common questions of law and fact arising out of Defendants'

conduct.

　　　36.　　Common questions of law and fact predominate over questions affecting only

individual members of the class.  The predominating common or class-wide questions of law and fact

include:

　　c.　Whether Defendants' failure to pay wages, without abatement or reduction, under

　　　　the California Labor Code, was willful;

　　d.　Whether Defendants failed to reimburse Plaintiff and Class Members for necessary

　　　　business expenses incurred to perform their work duties in violation of California

　　　　Labor Code Section 2802;

　　e.　Whether Plaintiff and Class Members received inaccurate pay statements from

　　　　their employer;

　　f.　Whether Defendants failed to relieve Plaintiff and other class members of all

　　　　duties so that they could take meal breaks as required by Labor Code § 512 and the

　　　　applicable wage orders;

　　g.　Whether Defendants failed to relieve Plaintiff and other class members of all

　　　　duties so that they could take rest periods as required by Labor Code § 226.7 and

　　　　the applicable wage orders; and

　　h.　Whether Defendants engaged in unfair business practices in violation of California

　　　　Business & Professions Code Sections 17200 *et seq* for uncompensated wages and

　　　　unreimbursed business expenses.

37.     Plaintiff's claims are typical of the claims of the members of the class all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of Defendants' violations of Labor Code sections 201-203, 204, 226(a), 226.7, 512, 2802, the applicable wage order, and Business and Profession Code Section 17200 *et seq*.  Plaintiff's claims are typical of those of the class because Defendants subjected Plaintiff and each member of the class to the same Labor Code and Business and Profession Code violations alleged.

38.     The defenses of Defendants, if such defenses apply, are applicable to the whole class and are not distinguishable as to the proposed class members.

39.     Plaintiff will fairly and adequately protect the interests of all members of the class and has retained attorneys with extensive experience in employment litigation, including class and other representative actions.  Plaintiff has no interests that conflict with those of the class.  Plaintiff can fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged to obtain the full compensation due to them.

40.     A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because:

a.      Joinder of individual class members is not practical;

b.      Litigating the claims of individual class members is unnecessarily costly and burdensome and deters individual claims;

c.      Litigating the claims of individual class member creates a risk of inconsistent or varying adjudications that will establish incompatible standards of conduct for Defendants;

d.      Class members still working for Defendants may fear retaliation if they bring individual claims;

e.    Class members will be discouraged from pursuing individual claims because the damages available to them are relatively small; and

f.    California public policy encourages the use of class actions to enforce California employment laws and protect individuals who, by their subordinate position, are vulnerable.

41.    Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous, virtually identical, individual cases will significantly increase the expense on the Court, the class members and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management by this Court of this lawsuit as a class action and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

42.    Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, e-mail, publication, or such other methods of notice as deemed appropriate by the Court.

## FIRST CAUSE OF ACTION
### (California Labor Code §§ 226.7, 512)
### (Against All Defendants)

43.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 above as though fully set forth.

44.    At all relevant times, the applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's and class members' employment by Defendants.

45.    At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

FIRST AMENDED COMPLAINT, GONZALES v. EMERITUS CORPORATION, et al., Case No. C 18-06630 WHA
Page 11 of 22

46.     At all relevant times, the applicable IWC Wage Order and California Labor Code §
512(a) provide that an employer may not require, cause or permit an employee to work for a period of
more than five (5) hours per day without providing the employee with an uninterrupted meal period
of no less than thirty (30) minutes, except that if the total work period per day of the employee is not
more than six (6) hours, the meal period may be waived by mutual consent of both the employer and
the employee.

47.     At all relevant times, the applicable IWC Wage Order and California Labor Code §
512(a) further provide that an employer may not require, cause or permit an employee to work for a
period of more than ten (10) hours per day without providing the employee with a second
uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is
not more than twelve (12) hours, the second meal period may be waived by mutual consent of the
employer and the employee only if the first meal period was not waived.

48.     During the relevant time period, Plaintiff and class members who did not waive their
legally-mandated meal periods by mutual consent, were required to work for periods longer than five
(5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

49.     During the relevant time period, Plaintiff and class members who were scheduled to
work in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their
legally mandated meal periods by mutual consent were required to work in excess of ten (10) hours
without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

50.     During the relevant time period, Plaintiff and class members who were scheduled to
work for a period of time in excess of twelve (12) hours were required to work for periods longer
than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

51.     During the relevant time period, Defendants willfully required Plaintiff and class members to work during meal periods and failed to compensate Plaintiff and class members for work performed during meal periods.

52.     During the relevant time period, Defendants failed to pay Plaintiff and class members the full meal premium due pursuant to California Labor Code § 226.7.

53.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

54.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff and class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the meal period was not provided.

55.     By their actions alleged herein, Defendants failed to provide their California employees with meal breaks as required by California Labor Code §§ 226.7, 512.

56.     Plaintiff brings this action on behalf of himself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of the Complaint, and continuing forward from that date, did not receive meal breaks as required pursuant to California Labor Code §§ 226.7, 512.

57.     Under California Labor Code Sections 1194 and 1194.2, and California Code of Civil Procedure Section 1021.5, Plaintiff, on behalf of herself and the Class Members, seeks to recover unpaid wages, interest thereon, liquidated damages, and costs and attorneys' fees.

///

**THIRD CAUSE OF ACTION**
**(California Labor Code § 226.7, 8 CCR § 11090(12)- PAGA)**
**(Against All Defendants)**

58.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though fully set forth.

59.    At all relevant times, the applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's and class members' employment by Defendants.

60.    At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

61.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

62.    During the relevant time period, Defendants required Plaintiff, class members and aggrieved employees to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

63.    During the relevant time period, Defendants willfully required Plaintiff, class members and aggrieved employees to work during rest periods and failed to compensate Plaintiff, class members and aggrieved employees for work performed during rest periods.

64.    During the relevant time period, Defendants failed to pay Plaintiff, class members and aggrieved employees the full rest period premium due pursuant to California Labor Code § 226.7.

65.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

66.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff, class members and aggrieved employees are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each day worked that the rest period was not provided.

67.     By their actions alleged, Defendants failed to provide their California employees with rest periods as required by California Labor Code § 226.7 and 8 CCR § 11090(12).

68.     Plaintiff brings this action on behalf of herself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of the Complaint, and continuing forward from that date, did not receive rest periods as required pursuant to California Labor Code § 226.7 and 8 CCR § 11050(12).

69.      Under California Labor Code Sections 1194 and 1194.2, and California Code of Civil Procedure Section 1021.5, Plaintiff, on behalf of herself and the Class Members, seeks to recover unpaid wages, interest thereon, liquidated damages, and costs and attorneys' fees.

70.     Wherefore, Plaintiff requests the civil penalties, attorneys' fees and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and other former employees.

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 2802
### (Failure to Reimburse for Business Expenses-PAGA)

71.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 above as though fully set forth.

72.    California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

73.    At all times, Plaintiff and Class Members had to incur necessary expenditures and losses including reasonable cell phone expenses, insurance, vehicle maintenance costs to discharge their regular duties.  Defendants failed to reimburse and/or indemnify Plaintiff and Class Members for reasonable expenditures and losses incurred in the discharge of their duties.   Defendant also failed to deduct all required taxes from Plaintiff's wages.

74.    Under the California Labor Code, Plaintiff and Class Members may recover such expenditures and losses, plus interest thereon, attorneys' fees, and costs.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## FOURTH CAUSE OF ACTION
### (California Labor Code §§ 201, 202)
### (Against All Defendants)

75.    Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 42 above as though fully set forth.

76.    At all times set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee voluntarily leaves his or her employment, his or her wages, will become due by seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

77.     During the relevant time period, Defendants willfully failed to pay Plaintiff, Class Members and other aggrieved employees who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

78.     Defendants' failure to pay Plaintiff, class members, and other aggrieved employees who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates California Labor Code §§ 201 and 202.

79.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, under §§ 201 and 202, then the wages of the employee will continue as a penalty from the due date, at the same rate until paid or until an action is commenced, but wages will not continue for over thirty (30) days.

80.     Plaintiff, class members, and other aggrieved employees may recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum under California Labor Code § 203.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## FIFTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 510
### (Failure to Pay Overtime – PAGA)
### (Against All Defendants)

81.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 above as though fully set forth.

82.     Pursuant to Labor Code section 510, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one

workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.   In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

83.     During the relevant time period, Defendants failed to pay Plaintiff, class members, and other aggrieved employees, the overtime wages due and owing.

84.     Plaintiff has been injured and requests relief on behalf of herself and other injured class members.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## SIXTH CAUSE OF ACTION
### (Violation of California Business & Professions Code §§ 17200, et seq.)
### (Against All Defendants)

85.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 above as though fully set forth.

86.     Defendants' conduct, as alleged, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other class members, and to the general public, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

87.     Defendants' activities, as alleged here, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

88.     A violation of California Business & Professions Code §§ 17200 et seq. may be predicated on violating state or federal law.  Defendants' policies and practices of failing to

compensate them for necessary expenditures and losses incurred by them in direct consequence of the

discharge of their duties and failing to compensate their employees at the correct hourly rate violate

California Labor Laws.

89.    Plaintiff and Class Members have been injured by Defendants' unlawful business acts

and practices as alleged, including but not limited to the loss of money or property.

90.    Under California Business & Professions Code §§ 17200 et seq., Plaintiff and putative

Class Members are entitled to restitution of the wages withheld and retained by Defendants during a

period that commences four years prior to filing this complaint; a permanent injunction requiring

Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys'

fees under California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of

costs.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 226(a)
### (Failure to Furnish Complete and Accurate Itemized Wage Statements – PAGA)
### (Against Defendants)

91.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 above as

though fully set forth.

92.    Under Labor Code section 226(a), "every employer shall, semimonthly or at the time

of each payment of wages, furnish each of his or her employees, either as a detachable part of the

check, draft, or voucher paying the employee's wages, or separately when the wages are paid by

personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2)

total hours worked by the employee, except for any employee whose compensation is solely based on

a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any

applicable order of the Industrial Welfare Commission, [….] (5) net wages earned, [….]  (8) the

name and address of the legal entity that is the employer."

93.    An employee suffering injury as the result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) may recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

94.    An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more items (1) through (9), inclusive, of subdivision (a) of Labor Code section 226 and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:  (i) the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement under items (2) to (4), inclusive, (6), and (9) of subdivision (a); (ii) which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period; (iii) the name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period; and (iv) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.  Labor Code § 226(e)(2)(A), (e)(2)(B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

///

///

95.     During the relevant time period(s), Defendants failed to provide accurate and complete itemized wage statements to Plaintiff and other former and current employees of Defendants, in violation of Labor Code section 226(a).

96.     Wherefore, Plaintiff and other class members and aggrieved employees have been injured and request relief as provided.  Plaintiff and other class members may recover damages and attorneys' fees under Labor Code § 226(e).  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

1.     This Court certify the class and subclasses identified in Paragraphs 26 and 27;

2.     This Court certify Plaintiff as the representative of the class and subclasses identified in Paragraphs 26 and 27;

3.     This Court appoint counsel for as Class Counsel;

4.     Damages for unpaid penalty wages under Labor Code §§ 201-203;

5.     Damages for unreimbursed expenses under Labor Code § 2802;

6.     Restitution under Business & Professions Code §§ 17203;

7.     Damages for unpaid wages under Labor Code §§ 510, 1194;

8.     Civil Penalties under Labor Code §§ 226.3, 226.7, 558, 1197.1, 2699(a), 2699(f)

9.     Pre-judgment interest;

10.     Costs under Labor Code §§ 218.5, 2699 and Code of Civil Procedure § 1032;

11.    Attorneys' fees under Labor Code §§ 218.5, 226, 1194 2699; and

12.    This Court award such other and further relief as the Court deems just and proper.


Dated:  December 12, 2019                          BURTON EMPLOYMENT LAW


                                    By: //ss//Jocelyn Burton//ss//
                                        JOCELYN BURTON
                                        Attorney for Plaintiff
                                        FLORA GONZALES