UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLORA GONZALES,

    Plaintiff,

  v.

EMERITUS CORPORATION, et al.,

    Defendants.

No.   C 18–06630 WHA

**ORDER GRANTING MOTION TO WITHDRAW AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

In this employment case, plaintiff's counsel seek to withdraw because plaintiff has not responded to numerous attempts to reach her.

Counsel have not heard from plaintiff since 2019. Plaintiff's prior attorney and contact person at Burton Law left the firm around the start of the COVID-19 pandemic. Another attorney from Burton Law took over the case and tried to reach plaintiff multiple times. The prior unsuccessful attempts follow: on August 3, 2020, plaintiff's counsel tried to call plaintiff then sent her a follow-up email; counsel called again on August 13, 2020; on August 28, 2020, a third attempt to call plaintiff led to a disconnected number message, so counsel sent an email explaining the message; on April 26, 2021, another attorney from Burton Law sent plaintiff an email requesting information related to the case; a follow-up to this request was sent on May

17, 2021; finally, on June 14, 2021, counsel sent plaintiff a letter stating that counsel would seek dismissal if plaintiff did not respond within a week. Plaintiff's counsel sent the letter via Federal Express and received proof of delivery. To date, plaintiff has not responded to any of these communications.

A prior order required plaintiff's counsel to make a good faith effort to give plaintiff notice of the October 28 hearing on the motion to withdraw, to explain how to access the telephonic hearing, and to inform her that she could object to counsel's withdrawal. Counsel did so (Dkt. 42). Plaintiff did not show up nor otherwise oppose this motion.

Plaintiff has made it unreasonably difficult for counsel to effectively represent her. Local Rule 11-4 (requiring compliance with the California Rules of Professional Conduct); Cal. Rules of Prof. Conduct 1.16(b)(4). Plaintiff's counsel made good faith attempts to contact plaintiff and to put her on notice that Burton Law seeks to end the attorney-client relationship. Cal. Rules of Prof. Conduct 1.16(d). Because the plaintiff has apparently abandoned her claim, there is no material adverse effect of withdrawal. The Court is satisfied that plaintiff has made herself unavailable to her counsel and has lost interest in the case. Having shown good cause, the motion to withdraw is hereby **GRANTED**.

Plaintiff's counsel has a duty, nevertheless, to take steps to the extent reasonably practicable to protect plaintiff's interest in this matter. Cal. Rules of Prof. Conduct 1.16(d), (e). Plaintiff's counsel shall continue to receive documents related to this lawsuit, to preserve materials and property in counsel's possession for a period of two years, and to surrender these materials if requested by plaintiff. Cal. Rules of Prof. Conduct 1.16(e)(1). If plaintiff's counsel has been paid a fee in advance that has not been incurred or earned, Burton Law must make a good faith attempt to refund this amount. Cal. Rules of Prof. Conduct 1.16(e)(2).

Plaintiff is hereby ordered to **APPEAR** in person on **NOVEMBER 18, 2021, AT 8:00AM** at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 12 on the 19th floor to show cause why her case should not be dismissed for lack of prosecution. Plaintiff's counsel shall promptly serve a copy of this order on plaintiff at her last known mailing address and shall file a certificate of service at least two weeks before the hearing. Counsel shall include in

1  this mailing a short cover letter explaining that if plaintiff does not appear the case will be

2  dismissed and that if she does appear the hearing will be used for case management and

3  scheduling.

5  **IT IS SO ORDERED.**

7  Dated: October 28, 2021



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE